NO.
12-05-00339-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RICKI OLIVER,        §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Ricki Oliver
appeals his conviction for multiple counts of theft, for which he was sentenced
to imprisonment for forty-eight years and fined ten thousand dollars.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  Thereafter,
Appellant filed a pro se brief and a supplement thereto.  We affirm.

                                                

Background

            Appellant
pleaded “guilty” to fifty-three counts of theft of property of varying values
between $1,500.00 and $20,000.00 each.[1]








 
The trial court found Appellant “guilty” as charged and sentenced him to
imprisonment for forty years.  The trial
court also fined Appellant five thousand dollars.  Pursuant to the trial court’s “timely pass
for plea” procedure, Appellant sought to have the jury assess punishment.  Following a trial on punishment, the jury
assessed Appellant’s punishment at imprisonment for forty-eight years and fined
Appellant ten thousand dollars.  This
appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant’s counsel
states that she has diligently reviewed the appellate record and is of the opinion
that the record reflects no reversible error and that there is no error upon
which an appeal can be predicated.  She
further relates that she is well acquainted with the facts in this case.  In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant’s Anders brief presents a chronological
summation of the procedural history of the case and further states that
Appellant’s counsel is unable to raise any arguable issues for appeal. 

            Thereafter,
Appellant filed a pro se brief[2] in which he raised issues concerning
(1) the completeness of the appellate record, (2) the voluntariness of his
guilty plea, (3) the propriety of certain comments made by the prosecutor
during Appellant’s trial on punishment, (4) error in the indictment, (5)
ineffective assistance of his appellate counsel, and (6) the constitutionality
of the trial court’s “timely pass for plea procedure.”  We have reviewed the record for reversible
error and have found none.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).                                                                                                       

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits.  Having done so and having
found no reversible error, Appellant’s counsel’s motion for leave to withdraw
is hereby granted and the trial court’s judgment is affirmed.

 

Opinion
delivered January 24, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] The indictment also alleged that the
properties in question were obtained pursuant to one scheme or a continuing
course of conduct and that the aggregate value of the property obtained was
$200,000.00 or more.  





[2]Appellant
later supplemented his brief raising additional issues.